UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PURSUIT INVESTMENT MANAGEMENT, LLC
and PURSUIT CAPITAL MANAGEMENT
FUND I, L.P.,

                *Plaintiffs*,

-against-

PHILIP CHAPMAN
ALPHA BETA CAPITAL PARTNERS L.P.,
CLARIDGE ASSOCIATES, LLC,
JAMISCOTT LLC, LESLIE SCHNEIDER,
LILLIAN SCHNEIDER, individually and as the
PERSONAL REPRESENTATIVE OF THE EXECUTOR OF
THE ESTATE OF LEONARD SCHNEIDER,
HARRIS O'BRIEN, ST. LAURENT AND CHAUDHRY
LLP, JONATHAN HARRIS, ANDREW ST. LAURENT,
and REED SMITH LLP,

                *Defendants*.

15-cv-02754 (LLS)

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' APPLICATION TO SEAL THIS MATTER

Harris, O'Brien, St. Laurent & Chaudhry LLP
111 Broadway, Suite 1502
New York, New York 10006
(212) 397-3370
*Attorneys for Defendants*
*Claridge Associates, LLC, Jamiscott LLC,*
*Leslie Schneider, and Lillian and Leonard*
*Schneider*

# **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND .................................................................................................................... 2

    Alpha Beta v. Pursuit ...................................................................................................... 2

    The Schneiders v. Pursuit ............................................................................................... 3

    The New York Action ..................................................................................................... 3

    PCM Bankruptcy ............................................................................................................ 4

    The Current Litigation .................................................................................................... 5

ARGUMENT: PLAINTIFFS HAVE FAILED TO PROVIDE A BASIS FOR
SEALING THE RECORD .................................................................................................... 6

CONCLUSION ...................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

## Cases

*Saks Inc. v. Attachmate Corp.*,
  No. 14 CIV. 4902 CM, 2015 WL 1841136 (S.D.N.Y. Apr. 17, 2015) .................................7

*Gambale v. Deutsche Bank AG*,
  377 F.3d 133 (2d Cir. 2004) ..................................................................................... 7, 8

*Hartford Courant Co. v. Pellegrino*,
  380 F.3d 83 (2d Cir. 2004) ............................................................................................7

*In re Analytical Systems, Inc.*,
  83 B.R. 833 (Bankr.N.D.Ga.1987) ................................................................................6

*In re Lomas Fin. Corp.*,
  No. 90 CIV. 7827 (LLS), 1991 WL 21231 (S.D.N.Y. Feb. 11, 1991) ...........................6

*In Re Pursuit Capital Management LLC*,
  Index No: 14-bk-10610 (Del. Bk. Ct.) ..........................................................................4

*Lachica v. City of New York*,
  No. 94 CIV. 7379, 1995 WL 77928 (S.D.N.Y. Feb. 23, 1995) .....................................7

*Lugosch v. Pyramid Co. of Onondaga*,
  435 F.3d 110 (2d Cir.2006) ....................................................................................... 6, 7

*Matter of New York Times Co.*,
  828 F.2d 110 (2d Cir.1987) ...........................................................................................6

*Nixon v. Warner Communications, Inc.*,
  435 U.S. 589 (1978) ......................................................................................................6

*Press–Enterprise Co. v. Superior Court*,
  464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984) ...................................................7

*Press–Enterprise Co. v. Superior Court*,
  478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986) .........................................................7

*Pursuit Inv. Mgt. LLC v Alpha Beta Capital Partners, L.P.*,
  2015 N.Y. Slip Op. 03291 (N.Y.A.D. 1st Dep't, April 21, 2015) .................................4

*Pursuit Partners, LLC v. UBS AG*,
  D.N.X. 08-CV-4013452 S (Conn. Super. Ct.) ..............................................................4

*Sec. & Exch. Comm'n v. The Street.com,*
  273 F.3d 222 (2d Cir. 2001) ............................................................................................................. 7

*Video Software Dealers Assoc. v. Orion Pictures, Corp. (In re Orion Pictures Corp.),*
  21 F.3d 24 (2d Cir. 1994) ................................................................................................................. 7

## INTRODUCTION

Defendants Claridge Associates, LLC, Jamiscott, LLC, Leslie Schneider and Lillian Schneider, individually and as the Personal Representative for the Estate of Leonard Schneider (the "Schneiders"), respectfully submit this memorandum of law in opposition to Pursuit Investment Management, LLC's and Pursuit Capital Management Fund I, L.P.'s application to seal the record.

## PRELIMINARY STATEMENT

This matter is yet another chapter in a long fought battle between investors and creditors of a hedge fund and the insiders who control that hedge fund. Plaintiffs Pursuit Investment Management, LLC ("PIM") and Pursuit Capital Management Fund I, L.P. ("Pursuit Fund I") together with non-parties Pursuit Opportunity Fund I, L.P. ("POF") and Pursuit Capital Management, LLC ("PCM" or the "Debtor") (collectively "Pursuit") are, in their own words, a "unitary set of tightly integrated and enmeshed entities operating for a single purpose" and a "hedge fund with unitary operation of control." Those entities are, or were in the case of the PCM, controlled by two individuals, Anthony Schepis and Frank Canelas (the "Insiders").

The Schneiders and co-defendant Alpha Beta Capital Partners, L.P. ("Alpha Beta") are investors and limited partners in Pursuit Fund I. As alleged in the Complaint, Philip Chapman is the principal of Alpha Beta. Reed Smith LLP is counsel for Alpha Beta, and Harris, O'Brien, St. Laurent & Chaudhry LLP ("HOSC"), Jonathan Harris, and Andrew St. Laurent are counsel for the Schneiders.

This matter amounts to a collateral attack on a proposed settlement between the Defendants and the Trustee for the Estate of Debtor, PCM, pending before the United

States Bankruptcy Court for the District of Delaware. Plaintiffs seek to seal the entire record in this matter.

The Schneiders request this case be litigated openly, in accordance with the strong public policy favoring open courts. Pursuit has not identified any basis to seal this action, other than that two previous actions in New York state court proceeded under seal.

## BACKGROUND

*Alpha Beta v. Pursuit*

In 2010, Alpha Beta sued Pursuit and its principals Schepis and Canelas in New York State Court for fraud and breaches of fiduciary duty, primarily related to allegations that Pursuit falsified the valuation of securities in Pursuit Fund I and lied to Alpha Beta about its investment strategy and other matters in convincing Alpha Beta to invest funds.

The Complaint in that matter is a matter of public record and was not filed under seal. That matter resulted in a settlement between the parties (the "Confidential Settlement Agreement"). The current Complaint alleges that the Confidential Settlement Agreement had a clause which included a provision wherein the parties and their respective counsel agreed "not to use or provide any information relating to any claim arising out of an investment in [Pursuit] to any other person in connection with the initiation of any lawsuit, claim, arbitration or action related to or concerning any investment in [Pursuit]." The Schneiders and HOSC were not parties to the Confidential Settlement Agreement.

2

*The Schneiders v. Pursuit*

In May 2012, HOSC, on behalf of the Schneiders, filed an arbitration complaint against the PCM. The arbitration resulted in an award in June 2013 to the Schneiders of approximately $2.7 million for PCM's breach of its fiduciary duty, looting, and self-dealing, as well as PCM's "failures and refusals to honor its own promises and th[e] Tribunal's orders." A second phase of the arbitration resulted in a further finding that PCM improperly misappropriated approximately $2.3 million in funds belonging to the Schneiders, thus, bringing the total owed by PCM for wrongful conduct to approximately $5 million.

Those awards were confirmed and converted to judgments against PCM in New York Supreme Court on March 21, 2014.

*The New York Action*

Subsequent to the initiation of the arbitration but prior to the issuance of these judgments, on July 18, 2013, Pursuit filed suit in New York Supreme Court alleging that the Schneiders and the HOSC tortiously interfered with the above quoted non-assistance clause of the Confidential Settlement Agreement (the "New York Action"). That suit also alleges that Alpha Beta and Reed Smith breached the settlement agreement at issue by Reed Smith having discussions with HOSC.

The Complaint in the New York Action alleges that HOSC, on behalf of the Schneiders, obtained information from Alpha Beta, through conversations with Reed Smith, which led to the Schneiders' success at the arbitration and names HOSC and the Schneiders, as well as Alpha Beta and its counsel, as defendants. After the trial court declined to dismiss the action against HOSC, HOSC appealed and the Appellate Division,

First Department ruled on April 21, 2015 that the Complaint in the New York Action failed to state a claim for tortious interference with a contract and dismissed the Complaint as against HOSC. *Pursuit Inv. Mgt. LLC v Alpha Beta Capital Partners, L.P.*, 2015 N.Y. Slip Op. 03291 (N.Y.A.D. 1st Dep't, April 21, 2015). The Schneiders are in the process of seeking to have that decision applied to effectuate their dismissal from the New York Action on the same basis. However, as of this moment, the New York action is continuing as against all the named defendants, excepting only HOSC.

*PCM Bankruptcy*

Following the entry of the two judgments against it in March 2014, amounting to some $5 million, on April 7, 2014, PCM filed a voluntary petition under Chapter 7 of the Bankruptcy Code (the "Bankruptcy Matter"). *In Re Pursuit Capital Management LLC*, Index No: 14-bk-10610 (Del. Bk. Ct.). The only assets listed on the Debtor's Bankruptcy Schedule B were: (1) the claims asserted in the New York Action; and (2) potential indemnification claims against Pursuit Fund I (the "Indemnification Claims"). Those assets were listed as having "unknown" value.

After arm's length negotiations with the Trustee, the Schneiders and Alpha Beta, and their respective counsel, entered into an agreement with the Trustee for the Estate of the Debtor to settle, transfer and assign the claims, rights, and interests belonging to the Debtor (the "Bankruptcy Settlement Agreement"). This includes any interest the Debtor may have is a separate ongoing litigation captioned *Pursuit Partners, LLC v. UBS AG*, D.N.X. 08-CV-4013452 S (Conn. Super. Ct.) (the "UBS litigation").

On March 2, 2015, the Trustee moved for an "Order Approving Agreement to Settle, Transfer and Assign Certain Claim, Rights and Interests." Certain of the Pursuit

entities and the Insiders are now challenging that Bankruptcy Settlement Agreement on the basis that they claim to believe that the Trustee did not treat them fairly in deciding to enter into the Bankruptcy Settlement Agreement. The Bankruptcy Court has allowed limited discovery on that motion. During recent conferences the Honorable Laurie Selber Silverstin has repeatedly expressed bewilderment at the sealing of this and the New York Action. The Trustee's motion is set for a hearing on June 3, 2015.

*The Current Litigation*

On or about March 25, 2015, PIM and Pursuit Fund I initiated the instant matter by filing the Complaint in the Supreme Court of the State of New York, County of New York, along with an order to show cause to seal the record. The instant suit is a collateral attack on the Bankruptcy Settlement Agreement as it alleges that the Defendants colluded in reaching that Bankruptcy Settlement Agreement and seeks to enjoin the Defendants from obtaining assets covered by the Bankruptcy Settlement Agreement, *i.e.* any interest that the Debtor may have in the UBS litigation.

On March 31, 2015, HOSC accepted service of the current Complaint on it and its attorneys' behalf. On April 9, 2015, HOSC and the Schneiders, along with the other defendants, removed this matter to this Court. HOSC and the Schneiders made this removal under seal to assure compliance with the temporary sealing order entered in the Supreme Court of New York and to give Pursuit an opportunity to litigate the sealing question before this Court. However, as there is no basis for sealing this matter, the Order to Show Cause removing this matter under seal required that Plaintiffs move to seal this matter should they wish it to remain sealed.

5

Plaintiffs have now moved by Order to Show Cause to continue the sealing of this matter. However, the strong public policy in favor of the public availability of court filings requires that this matter be litigated openly.

## ARGUMENT

### PLAINTIFFS HAVE FAILED TO PROVIDE A BASIS FOR SEALING THE RECORD

As noted in *In re Lomas Fin. Corp.*, No. 90 CIV. 7827 (LLS), 1991 WL 21231, at *1 (S.D.N.Y. Feb. 11, 1991), "[t]he public has a general right of access to judicial records" (*citing Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597–98 (1978) *and In re Analytical Systems, Inc.,* 83 B.R. 833, 834–35 (Bankr.N.D.Ga.1987)). "[S]ealing is the exception rather than the rule." *In re Lomas Fin. Corp.*, No. 90 CIV. 7827 (LLS), 1991 WL 21231.

The public's right to access court records and proceedings is rooted in both the common law and the First Amendment. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597–98, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119–120 (2d Cir.2006). Consequently, there is a strong presumption against sealing court records from public inspection.

The public's right to access court documents is not, however, absolute in that it may be surmounted by a party's showing that sealing will further other substantial interests, for example, a criminal defendant's right to a fair trial or a third party's privacy interests. *Matter of New York Times Co.,* 828 F.2d 110, 114–16 (2d Cir.1987), *cert. denied,* 485 U.S. 977, 108 S.Ct. 1272, 99 L.Ed.2d 483 (1988). Thus, in limited circumstances and upon a showing of compelling need, the court may order certain

records to be sealed. *Lugosch*, 435 F.3d at 123; *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 95–96 (2d Cir. 2004).

To be precise, court documents may be sealed if "specific, on the record findings are made demonstrating that 'closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 13–14, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986) (*quoting Press–Enterprise Co. v. Superior Court*, 464 U.S. 501, 510, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984)). It thus follows that "a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." *Video Software Dealers Assoc. v. Orion Pictures, Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994); *see also Sec. & Exch. Comm'n v. The Street.com*, 273 F.3d 222, 232 (2d Cir. 2001).

The party seeking protection for its data bears the burden of establishing good cause for the issuance and continuation of a protective order. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004); *see Lachica v. City of New York*, No. 94 CIV. 7379, 1995 WL 77928, at *1 (S.D.N.Y. Feb. 23, 1995); *see also Saks Inc. v. Attachmate Corp.*, No. 14 CIV. 4902 CM, 2015 WL 1841136, at *15 (S.D.N.Y. Apr. 17, 2015) (discussing at length the increasing problem of parties seeking to seal all commercial cases).

Plaintiffs fail to set forth any basis for sealing this matter. Instead, they references sealing orders in other matters and plead for this Court to maintain "the status quo." Plaintiffs entirely ignore the interest of the public in an open and transparent judiciary process. Plaintiffs further attempt to shift the burden for unsealing the record to

7

the Defendants, when it clearly falls on Plaintiffs to provide "good cause." *See Gambale v. Deutsche Bank AG,* 377 F.3d 133. As evident from the description of the history of the litigation between these parties, the issues in dispute all arise from investments made and litigations initiated several years ago. This dispute is and has been an ordinary commercial litigation about the investments made in a now defunct hedge fund. No confidential trade secrets are the subject to the litigation, for example, nor is there any argument that confidential personnel or medical information needs to be disclosed. At most, Plaintiffs claim this matter involves one confidential document, the Confidential Settlement Agreement.

The Court and the parties can of course address that document and give it proper protection through a narrow protective order. To seal the entire case would be an excessive and unnecessary measure. Furthermore, as Plaintiffs are investment vehicles, with the Insiders being investment managers, the public has a legitimate interest in having access to information pertaining to their conduct.

Plaintiffs' application should be denied and this matter unsealed.

### CONCLUSION

WHEREFORE, Plaintiffs application to seal the record in this matter should be denied along with further relief the Court deems just and proper.

Dated: New York, New York
April 30, 2015

HARRIS, O'BRIEN, ST. LAURENT
& CHAUDHRY LLP
Andrew St. Laurent
Evan W. Bolla
111 Broadway, Suite 1502

New York, New York 10006
(212) 397-3370
*Attorneys the Schneiders*

To: CANE & ASSOCIATES LLP
Peter S. Cane
200 Park Avenue, 17th Floor
New York, NY 10166
*Attorneys for Plaintiffs*

STORCH AMINI & MUNVES PC
Edward P. Dolido
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, NY 10017
*Attorneys for Defendant*
*Alpha Beta Capital Partners, L.P. &*
*Philip Chapman*

SCHULTE ROTH & ZABEL LLP
Robert M. Abrahams
Matthew J. Moses
919 Third Avenue
New York, NY 10022
*Attorneys for Defendant Reed Smith LLP*

FURMAN KORNFELD & BRENNAN LLP
Stephanie Singer
61 Broadway, 26th Floor
New York, NY 10006
Attorneys for Defendant Harris,
O'Brien, St Laurent & Chaudhry LLP